1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   QIONGLIN FU and RONG XIAO,              No. C 07-0207 EDL

12              Plaintiffs,                  **ORDER DENYING MOTION TO**
                                             **DISMISS**
13      v.

14   ALBERTO GONZALES, Attorney General of
     the United States; EMILIO GONZALEZ,
15   Director of U.S. Citizenship and Immigration
     Services; MICHAEL CHERTOFF, Secretary of
16   the U.S. Department of Homeland Security,
     CHRISTINA POULOS, Acting Director of the
17   California Service Center, U.S. Immigration and
     Naturalization Services; and ROBERT S.
18   MUELLER, Director of the Federal Bureau of
     Investigation,
19
               Defendants.
20   _____/

21

22      Defendants move to dismiss the Complaint for Mandamus and Injunctive Relief for lack of

23   jurisdiction and failure to state a claim.  The Court held a hearing on the motion to dismiss on May

24   1, 2007, at which Plaintiffs appeared pro se and Defendants appeared through counsel.  Having

25   considered the papers and the argument presented at the hearing, the Court denies Defendants'

26   motion to dismiss for the reasons stated below.

27   **I.      Factual Background**

28      On December 22, 2003, Plaintiff Qionglin Fu and his wife, Plaintiff Rong Xiao, submitted I-

United States District Court
For the Northern District of California

485 Adjustment of Status ("AOS") applications to become permanent residents of the United States with the California Service Center ("CSC") of the U.S. Citizenship and Immigration Services ("USCIS"). Compl., ¶ 11 and Ex. A.  In response to Fingerprint Notifications dated March 24, 2004 and September 22, 2005, Plaintiffs provided fingerprints for security checks.  Id., ¶ 12 and Ex. B.  At various times from December 16, 2004 to November 14, 2006, Plaintiffs' attorney inquired by email with the CSC about the AOS applications after waiting more than thirty days past the processing times posted on the CIS website.  Id., ¶ 14 and Exs. D-1 through D-4.  Plaintiffs themselves emailed CSC with a status inquiry on January 19, 2006, to which the CSC Adjudications Officer responded that the AOS applications were "still pending" because "USCIS is awaiting NAME CHECK results from the FBI.  It may have been a long time since we sent the name, but USCIS has no control of the time it takes."  Id., ¶ 15 and Ex. E.

Plaintiffs allege that according to the USCIS website, as of December 18, 2006, the CSC was processing AOS applications filed September 14, 2006.  Id., ¶ 13 and Ex. C.  Defendants explain that before rendering a decision on an AOS application, the USCIS, in conjunction with the Federal Bureau of Investigation ("FBI"), conducts several forms of security and background checks to ensure that the alien is eligible for the benefit sought and that he or she is not a risk to national security or public safety.  Mot. at 4; Herring Decl., ¶ 3; Cannon Decl., ¶ 4.  Those security checks include: (1) an FBI name check, which is run against FBI investigative databases compiled by law enforcement agencies; (2) an FBI fingerprint check, which provides information relating to criminal background within the United States; and (3) a check against the Interagency Border Inspection System (IBIS), which contains records and information from more that twenty federal law enforcement and intelligence agencies.  Mot. at 4; Herring Decl., ¶ 4; Cannon Decl., ¶¶ 5-15.

Prior to filing suit, Plaintiffs pursued various avenues for obtaining information about their AOS applications and/or pressuring the USCIS to adjudicate them.  Plaintiffs have written to their representatives in Congress, see Compl., Exs. F, G and J (correspondence with Rep. Eschoo and Sen. Feinstein); contacted the FBI about the status of their name checks, id., Ex. H; and filed requests under the Freedom of Information - Privacy Acts ("FOIPA") with the FBI, id., Ex. I.

Plaintiffs filed this action on January 11, 2007, seeking mandamus relief in the form of "compelling Defendants and their agents to make a determination of Plaintiffs Qionglin FU and Rong XIAO's application for adjustment of status." Compl. at 8. Plaintiffs simply ask the Court to order the agency to make a decision on their applications within a reasonable time, whether positive or negative, not to order that their applications be granted.

## II.    Legal Standard

### A.    Mandamus Jurisdiction

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

### B.    APA Jurisdiction

To invoke jurisdiction under the Administrative Procedure Act ("APA"), "a petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." Gelfer v. Chertoff, 2007 WL 902382 at *1 (N.D. Cal., March 22, 2007) (citing Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63-65 (2004)). "Once a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" Id., quoting 5 U.S.C. § 706(1). The APA provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall–
>
> > (1) compel agency action unlawfully withheld or unreasonably delayed;

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

. . .

> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706 (emphasis added).   The APA further provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b) (emphasis added). "Section 706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing how it shall act.'" Norton, 542 U.S. at 64 (citations omitted) (emphasis in original).

### III.   Analysis

Plaintiffs assert that the Court has subject matter jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and under the APA.  Defendants contend that the Court lacks jurisdiction to compel a decision whether to grant or deny Plaintiff's AOS applications, because that decision is committed to the discretion of the Attorney General.  Mot. at 7-8.  There is a split of authority on the issue of whether courts have jurisdiction to compel the Attorney General to adjudicate immigration applications without unreasonable delay, compare Yu v. Brown, 36 F.Supp.2d 922 (D.N.M. 1999) with Safadi v. Howard, 466 F.Supp.2d 696 (E.D.Va. 2006).[1]  This Court concludes that the better reasoned view is that courts have jurisdiction at a minimum under the APA because

---

[1]     For the view that courts do not have such jurisdiction, see Li v. Chertoff, __ F.Supp. 2d __, 2007 WL 1098705 (S.D.Cal., April 2, 2007) (granting motion to dismiss upon finding sufficient evidence to demonstrate that delay in adjudicating AOS application was not due to agency inaction, but "to the time required to resolve all concerns of a law enforcement or national security nature;" and holding that the USCIS is not required to act within a specified time period, but has wide discretion to resolve matters within a reasonable time); Zheng v. Reno, 166 F. Supp. 2d 875, 879-880 (S.D.N.Y., 2001) (granting summary judgment for lack of subject matter jurisdiction to require the INS to schedule an interview re: AOS application where court held that scheduling remains within the discretion of the INS and delay of nine months was insufficient to support a colorable claim of abuse of discretion); Mustafa v. Pasquerell, 2006 WL 488399 (W.D.Tex., January 10, 2006) (adopting view that mandamus relief is unavailable for delay in adjustment application for immediate relative status).

For the view that courts have jurisdiction to review the timing or pace of adjudicating applications, see Elmalky v. Upchurch, 2007 WL 944330 (N.D.Tex., Mar 28, 2007) (1252(a)(2)(B) does not preclude judicial review over non-discretionary actions); Duan v. Zamberry, 2007 WL 626116 at *3 (W.D.Pa., Feb.23, 2007) (Section 1252(a)(2)(B)(ii) strips the court of jurisdiction to review only those decisions within the Attorney's General discretion as specified in the statute, namely the decision to adjust status, not the pace of application processing); Haidari v. Frazier, 2006 WL 3544922, at *4 (D.Minn., Dec.8, 2006) (distinguishing the discretionary decision of whether to grant or deny an adjustment application from the mandatory duty to make any decision).

**United States District Court**
For the Northern District of California

Defendants have a non-discretionary duty to process the AOS applications within a reasonable time, as distinct from its discretionary authority of whether to grant or deny the applications. See Gelfer, 2007 WL 902382 at *2. In Gelfer, the court held that it had subject-matter jurisdiction under the APA to review the USCIS' delay in adjudicating the petitioner's AOS application. Like Plaintiffs here, prior to filing suit some 16 months after submitting her AOS application, Gelfer made numerous inquiries about her I-485 AOS application, and was told that the USCIS was waiting for a name check from the FBI. Gelfer, 2007 WL 902382 at *1. There, as here, the USCIS conceded that it had a nondiscretionary duty to process the AOS application, but argued that it had discretion over when to decide whether to approve or deny the application. Id. at *2. See Reply at 4 ("although the governing statute for adjustment of status, 8 U.S.C. § 1255, provides a right to adjudication of the adjustment application, it does not prescribe a time certain for such adjudication"). The statute governing adjustment to permanent residence status provides as follows:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA [Violence Against Women Act] self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

Gelfer held that the USCIS has "a statutorily prescribed duty to adjudicate petitioner's application 'within a reasonable time' under 5 U.S.C. § 555(b), while giving wide berth to an agency's determination as to what time period is reasonable." Gelfer, 2007 WL 902382 at *2 (citing Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999). In Yu, the court held that the predecessor agency has a non-discretionary duty to process immigration applications, and that the APA imposes a duty to adjudicate those applications within a reasonable time. 36 F. Supp. 2d at 931-932. The court concluded that the delay of two and a half years in processing the named plaintiff's application for "Special Immigrant Juvenile Status" and for adjustment to lawful

5

permanent resident was unreasonable on its face, and denied the motion to dismiss on the grounds that the court had subject matter jurisdiction under the APA and that the plaintiffs had established a prima facie case for mandatory injunctive relief.  Id. at 932-933.

This Court agrees with the court in Gelfer that to allow the USCIS "a limitless amount of time to adjudicate petitioner's application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5).[2]"  Id.   This Court also concurs that simply asserting a need to await results of an FBI name check does not suffice to show the delay was reasonable as a matter of law.  Id.   Like the court in Gelfer, the court need not reach the question of whether mandamus jurisdiction existed because the APA suffices.  Id. at *3 (citing Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (electing analysis of mandamus relief on claims of agency delay under the APA rather than Section 1361 and affirming denial of mandamus relief on summary judgment)).  See also Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal., Jan. 8, 2007); Razaq v. Poulos, 2007 WL 61884 (N.D. Cal., Jan. 8, 2007) (denying summary judgment on reasonableness of delay in processing the petitioner's application for "immediate relative" status); Aboushaban v. Mueller, 2006 WL 3041086 (N.D.Cal., Oct. 24, 2006) (granting plaintiff's motion for summary judgment and ordering USCIS to complete its adjudication of his AOS application after eight-year delay).  Thus, this Court concludes that Defendants have a ministerial duty to act on Plaintiffs' AOS applications pursuant to 8 U.S.C. § 1255, within a reasonable time under 5 U.S.C. § 555(b).

Whether the delay alleged here of over three years was reasonable cannot be determined on a motion to dismiss.  "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."  Yu, 36 F. Supp. 2d at 934.  Here, the government argues generally that the USCIS has been working on Plaintiffs' applications, and implies that the delay is out of their hands to the extent that they rely on the FBI

---

[2]    The immigration regulations governing adjustment of status to permanent residence provide that "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial. . . .  If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status."  8 C.F.R. 245.2(a)(5).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   to conduct the name check for background clearance.  Reply at 2.  However, the Defendant

2   Attorney General oversees both USCIS and the FBI, so shifting the onus to the FBI does not show

3   timeliness.  See Gelfer, 2007 WL 902382 at *2 (the USCIS had not pointed "to a single action

4   taken during that period of time [of two years] to further the processing of petitioner's application

5   or a reason why petitioner's application is particularly troublesome").  While Defendants point to a

6   backlog, that does not by itself show, as a matter of law, that the delay in processing Plaintiffs'

7   applications is reasonable to prevail on a motion to dismiss.

8          Defendants argue further that a provision in the Immigration and Nationality Act precludes

9   relief:

10         (B) Denials of discretionary relief

11         Notwithstanding any other provision of law (statutory or
     nonstatutory), including section 2241 of Title 28, or any other
12         habeas corpus provision, and sections 1361 and 1651 of such title,
     and except as provided in subparagraph (D), and regardless of
13         whether the judgment, decision, or action is made in removal
     proceedings, no court shall have jurisdiction to review--
14

15                  (i)     any judgment regarding the granting of relief
                           under section 1182(h), 1182(i), 1229b, 1229c, or
16                         1255 [adjustment of status] of this title, or

17                  (ii)    **any other decision or action** of the Attorney
18                         General or the Secretary of Homeland Security
                           the authority for which is specified under this
19                         subchapter to be in the discretion of the Attorney
                           General or the Secretary of Homeland Security,
20                         other than the granting of relief under section
21                         1158(a) of this title.

22

23   8 U.S.C. § 1252(a)(2)(B) (emphasis added).  In Safadi, the court construed this language broadly to

24   preclude judicial review of any discretionary decision or action of the USCIS, holding that this

25   statute encompassed "the entire process of reviewing an adjustment application, including the

26   completion of background and security check and the pace at which the process proceeds."  466

27

28

                                            7

**United States District Court**
For the Northern District of California

F.Supp. 2d at 699.[3]  Accord Grinberg v. Swacina, 478 F.Supp.2d 1350 (S.D.Fla., March 20, 2007) (presumption in favor of judicial review overcome by express provisions of Section 1252(a)(2)(B), precluding review of five-year delay in processing I-485 adjustment applications); Serrano v. Quarantillo, 2007 WL 1101434 (D.N.J., April 9, 2007) (no jurisdiction to review delay on adjustment of status, which is within Attorney General's discretion under Section 1255 and precluded from judicial review under Section 1252(a)(2)(B)).

This Court is not persuaded by the reasoning of Safadi.  The plain language of the provision on which it relied addresses "decision or action" on immigration matters, not inaction, which is the subject of the Complaint.  Iddir v. I.N.S., 301 F.3d 492 (7th Cir. 2002).  This Court agrees with Duan v. Zamberry that adopting Safadi's reading of Section 1252(a)(2)(B)(ii) would render "toothless all timing restraints, including those imposed by the APA," which would "amount to a grant of permission for inaction."  2007 WL 626116 at *3 (W.D.Pa., Feb.23, 2007).  Further, the Safadi court's reliance on the fact that the statute had been amended in 2005 to suggest that the statute should be construed to reflect the heightened security concerns in the post 9/11 world, 466 F.Supp. 2d at 700-01, overlooks the fact that the "any other decision or action" provision on which it relied was not added to Section 1252(a)(2)(B) by the 2005 amendment, but predated September 11, 2001.  Rather, the 2005 amendment added the following language: "(statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings."  8 U.S.C.A. § 1252, Historical and Statutory Notes, Amendments.

In Iddir, the Seventh Circuit considered this statute as it existed before it was amended in 2005:

> Section 1252(a)(2)(B) provides: "Notwithstanding any other
> provision of law, no court shall have jurisdiction to review - (i) any
> judgment regarding the granting of relief under section ... 1255 of

---

[3]  The Safadi court noted that it was not presented with a case where the USCIS "refused altogether to process an adjustment application or where the delay [4 years] was so unreasonable as to be tantamount to a refusal to process the application."  Id. at 700.  Thus, although Safadi read the statute broadly, even that court did not foreclose the possibility of judicial review of outright refusal or its equivalent due to patently unreasonable delay.

United States District Court
For the Northern District of California

> this title, or (ii) **any other decision or action** of the Attorney
> General the authority for which is specified under this subchapter to
> be in the discretion of the Attorney General ...."

302 F.3d at 496 (emphasis added). Faced with statutory language identical to the current version considered in Safadi, the Seventh Circuit held that "section 1252(a)(2)(B)(i), by its use of the terms 'judgment' and 'decision or action,' only bars review of actual discretionary decisions to grant or deny relief under the enumerated sections, including section 1255." At issue in Iddir were applications for permanent resident visas through the lottery program, which the INS failed to process before the statutory time period expired. The Seventh Circuit held that the court had jurisdiction to review denial of the application on grounds of expiration because that denial did not constitute either a "judgment" or a discretionary "decision or action," unlike an award or denial of relief on the merits, which would likely be covered by section 1252(a)(2)(B). 302 F.3d at 498. This Court finds the Seventh Circuit's reasoning persuasive and more faithful to the statutory language.

The Ninth Circuit has not addressed the specific issue of subject matter jurisdiction over delays in processing adjustment applications, but has ruled that Section 1252(a)(2)(B)(ii) "applies only to acts over which a statute gives the Attorney General pure discretion unguided by legal standards or statutory guidelines," and does not bar review of the denial of a motion to reopen removal proceedings. Medina-Morales v. Ashcroft, 371 F.3d 520, 528 (9th Cir.2004). The Ninth Circuit reasoned that "[b]ecause 8 U.S.C. § 1229a(c) neither grants nor limits the Attorney General's discretion to deny motions to reopen, [it] can perhaps be said to have left such authority to the Attorney General by default. But default authority does not constitute the specification required by § 1252(a)(2)(B)(ii)." Id. In Yu, on which Gelfer, Singh, and Razaq rely, the court considered the jurisdictional limits in Section 1252(g),[4] but not Section 1252(a)(2)(B)(ii). In view

---

[4]     Section § 1252(g) provides as follows:

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

9

of the principle that "exceptions to judicial review of agency action under the APA are narrowly construed," the court held that by limiting judicial review of "removal orders," the statute specifically left intact judicial review of all other matters properly before the Court. Yu, 36 F.Supp.2d at 933-34. Though not specifically addressing the limitations on judicial review in Section 1252(a)(2)(B), Yu reflects the principle that "'the discretion giving rise to the jurisdictional bar must be "specified" by statute. In other words, "the language of the statute in question must provide the discretionary authority" before the bar can have any effect.'" Khan v. United States, 448 F.3d 226, 232-33 (3rd Cir. 2006) (citations omitted). As the court in Duan observed, "[t]he weight of authority ... supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application." 2007 WL 626116 at *3.

Applying the test articulated in Gelfer for relief under the APA, (1) Defendants have a nondiscretionary duty to adjudicate Plaintiffs' AOS applications pursuant to 8 U.S.C. § 1255, and to do so within a reasonable time pursuant to 5 U.S.C. § 555(b); and (2) Plaintiffs have made a prima facie showing that the USCIS unreasonably delayed in acting on that duty for the past 3 years and 4 months. Gelfer, 2007 WL 902382 at * 1. The Court therefore has subject matter jurisdiction to determine whether Defendants have unreasonably delayed action on Plaintiffs' AOS applications. 5 U.S.C. § 706(1).

As the mandamus relief sought under the APA is essentially the same as mandamus under Section 1361, it is unnecessary to apply the test for traditional mandamus relief. See Independence Mining, 105 F.3d at 507, n.6 ("we question the applicability of the traditional mandamus remedy under the MVA [28 U.S.C. § 1361] where there is an adequate remedy under the APA").

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is denied. As the parties stipulated at the hearing on the motion to dismiss, the parties shall file simultaneous cross-motions for summary judgment by May 15, 2007, to be heard on June 26, 2007.

**IT IS SO ORDERED.**

Dated: May 16, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California